UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM BLAINE HANINGTON, | Case No. 1:12-cv-00152-BLW |
| Petitioner, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| TIMOTHY WENGLER, Warden, | |
| Respondent. | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Dkt. 14-1.) Other preliminary motions are also pending.[1]

The Court finds that oral argument is not necessary to resolve Respondent's Motion, and for the reasons to follow, it will grant the Motion and dismiss the Petition.

## BACKGROUND

On January 24, 2005, after pleading guilty in state court to a charge of enticing a child over the internet, Petitioner was granted a "withheld judgment" and placed on probation for eight years. (State's Lodging A-1, pp. 33-40.) Petitioner did not file an appeal. (Dkt. 3, p. 2.)

Over two years later, on August 7, 2006, the district court revoked Petitioner's

---

[1] Petitioner's Motion to Amend his Petition to name his current warden as the proper Respondent is granted, as is Petitioner's Motion to File a Non-Conforming Brief. Petitioner's Second Motion for Appointment of Assistance of Counsel is denied. Petitioner has been able to articulate his claims clearly, and the Court does not find that the interests of justice require the appointment of counsel in this matter.

MEMORANDUM DECISION AND ORDER - 1

probation and withheld judgment, and ordered that judgment be entered against Petitioner. (State's Lodging A-1, p. 76.) The court retained jurisdiction for 180 days, however, and later placed Petitioner back on probation. (*Id*. at 82.)

On August 8, 2008, the district court revoked Petitioner's probation and ordered the execution of a prison sentence of fifteen years, with the first six years fixed. (State's Lodging pp. 67-68, 76-78.) Petitioner appealed, arguing that the district court should have reduced his sentence, but the Idaho Court of Appeals affirmed.[2] (State's Lodging C-4.) Petitioner filed a petition for review with the Idaho Supreme Court, which was denied. (State's Lodgings C-5, C-7.)

Before the Remittitur was issued on appeal, on September 17, 2009, Petitioner filed an application for post-conviction relief in the district court, alleging that the prosecution had failed to disclose exculpatory evidence related to the manner in which the police had set up a fictitious profile in an internet chat room, and that the police had violated the terms and conditions of the internet service provider (Yahoo) when doing so (Petitioner's "*Brady* claims").[3] (State's Lodging D-1, p. 7.) He also claimed that he was deprived of his constitutional right to the effective assistance of counsel because his attorney did not discover these violations before he pled guilty. (*Id*.) The district court summarily dismissed the application after concluding that the statute of limitations had expired. (State's Lodging D-1, p. 118.)

---

[2] The appeal was consolidated with another case not at issue here.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

**MEMORANDUM DECISION AND ORDER - 2**

On appeal, the Idaho Court of Appeals affirmed, though partly on different grounds. (State's Lodging E-6.) It held that (1) because Petitioner should have been aware before his sentencing hearing of the facts regarding the chat room profile created by the police, the statute of limitations had expired as to that alleged *Brady* violation; (2) any asserted violation by the police of Yahoo's terms and conditions did not state a *Brady* claim, both because the prosecution did not suppress the information and because it was not mitigating or exculpatory as to Petitioner; and (3) the claim of ineffective assistance of counsel was untimely. (*Id.* at 3-6.) Petitioner filed a petition for review in the Idaho Supreme Court, but it declined to review the case, issuing a Remittitur on February 8, 2012. (Dkt. 3, p. 3.)

Six weeks later, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, again claiming that the prosecution withheld favorable evidence from the defense, in violation to his Fourteenth Amendment right to due process of law, and that he was deprived of his Sixth Amendment right to the effective assistance of counsel. (Dkt. 3, p. 6.)

United States Magistrate Judge Ronald E. Bush conducted an initial review of the Petition and ordered the Clerk of Court to serve it on Respondent. (Dkt. 6.) Respondent has now filed a Motion for Summary Dismissal, arguing that Petitioner filed his Petition after the expiration of the one-year statute of limitations for initiating habeas corpus actions in federal court and that Petitioner's claims are procedurally defaulted. (Dkt. 14.) The case has been reassigned to the undersigned United States District Judge because not

**MEMORANDUM DECISION AND ORDER - 3**

all parties have consented to a magistrate judge exercising jurisdiction. (Dkt. 23.)

As explained below, the Court is persuaded that the Petition is untimely and, alternatively, that Petitioner is not entitled to relief on his *Brady* claim based on the alleged violation of Yahoo's terms and conditions, the one claim that the Idaho Court of Appeals resolved on the merits. The Petition will be dismissed on those grounds.

## STANDARD OF LAW

The Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event is the date upon which the judgment became final, either after the direct appeal or after the time for seeking an appeal expired. 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year limitations period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling."

A state court application for post-conviction or other collateral review is "properly filed," and tolls the federal limitations period, only when "its delivery and acceptance are in compliance with applicable [state] laws and rules governing filing." *Artuz v. Bennet*,

531 U.S. 4, 8 (2000). An application that is dismissed as untimely was never "properly filed," and the limitations period is not suspended during the time between the petitioner's submission of the application in the state court and the state court's order of dismissal. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005).

The limitations period may also be tolled for equitable reasons when extraordinary circumstances outside of the petitioner's control prevented him from filing on time (known as "equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

## DISCUSSION

Because the trial court originally ordered a withheld judgment, a suspended prison sentence, and probation, and because it "revoked" the withheld judgment two years later, in 2006, an initial question arises as to when Petitioner's judgment became final in state court for purposes of starting AEDPA's one-year limitations period.

In Idaho, the general rule is that a convicted criminal defendant has 42 days from the date a final order or judgment is entered in which to file an appeal. *See* Idaho Appellate Rule 14(a).

In *State v. Jakoski*, 79 P.2d 711 (Idaho 2003), the Idaho Supreme Court addressed when a challenge to one's guilty plea must be brought to be deemed timely and, in doing

**MEMORANDUM DECISION AND ORDER - 5**

so, discussed the finality of criminal judgments. After Jakoski's probation was revoked
and his previously-suspended sentence executed, he filed a motion to withdraw his *Alford*
plea under Idaho Criminal Rule 33(c). The Idaho Supreme Court held that the district
court lacked jurisdiction to hear the motion to withdraw the guilty plea, because,
"[a]bsent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend
or set aside a judgment expires once the judgment becomes final, either by expiration of
the time for appeal or affirmance of the judgment on appeal." *Id*. at 714. Because Jakoski
had not appealed, the trial court lost jurisdiction to consider a Rule 33(c) motion to
withdraw because the judgment became final 42 days after it was entered.

Later, in *State v. Woodbury*, 112 P.3d 835 (Idaho Ct. App. 2005), the Idaho Court
of Appeals applied the *Jakoski* rule to withheld judgments. There, the defendant, who did
not appeal, filed a motion to withdraw his guilty plea five months after the trial court had
entered an order withholding judgment. *Id*. at 835. Concluding that the trial court had lost
jurisdiction to consider the motion, the Court of Appeals held that "an order withholding
judgment is an adjudication of guilt that becomes final forty-two days after entry of the
order if no appeal is taken." *Id*. at 838.

Consequently, the Idaho courts have determined that a "withheld judgment" is an
"adjudication of guilt" and a "de facto" judgment that becomes final under state law
within 42 days if no appeal is taken. Here, all of Petitioner's claims in his Petition raise
errors related to the original criminal proceeding that led to his guilty plea rather than

**MEMORANDUM DECISION AND ORDER - 6**

errors that occurred during later probation revocation or resentencing hearings. Therefore, AEDPAs limitations period began to run under § 2244(d)(1)(A) on March 7, 2005, forty-two days after the a withheld judgment and order placing Petitioner on probation was entered. Petitioner had no properly filed applications for state post-conviction or collateral relief pending between that date on March 7, 2006, such that the limitations period would be statutorily tolled. But even if the Court were to find that the judgment did not become final until 42 days after the trial court "revoked" its previous withheld judgment on August 7, 2006, the statute of limitations would have still expired on September 18, 2007, long before the federal petition was filed.

Petitioner contends that he is entitled to equitable tolling based on the State's failure to disclose evidence that was favorable to him. Specifically, he asserts that he did not learn until 2009, after the limitations period would have otherwise expired, that police officers had violated Yahoo's terms of service to create a fictitious online profile of a 14-year-old girl that they then used as a front to communicate with Petitioner.[4]

As noted by the Idaho Court of Appeals, this argument, if credited, would apply only to Petitioner's *Brady* claim based on the State's alleged violation of Yahoo's terms and conditions by falsifying the user's identity, and, perhaps, an ineffective assistance of

---

[4] Petitioner also posits a later starting date for the limitations period based on tolling provisions in AEDPA that delay the statute of limitations when the State has created an impediment for filing a timely petition or when a petitioner is unable to discover the factual predicate of his claim through the exercise of due diligence. 28 U.S.C. 2244(d)(1)(B),(D).

The Court's analysis of the timeliness issue would be the same under either the doctrine of equitable tolling or the tolling provisions in 28 U.S.C. § 2244(d)(1)(B) and (D).

**MEMORANDUM DECISION AND ORDER - 7**

counsel claim based on counsel's failure to discover this information before Petitioner

pled guilty. (State's Lodging E-6, pp. 4-5.) Petitioner also asserted that undercover police

officers intentionally omitted the *age* of the "user" for the fictitious girl's online Yahoo

"profile page," but because Petitioner had a copy of the profile page before sentencing,

the Court of Appeals found that nothing was withheld from him and he reasonably could

have been aware of the facts comprising this alleged due process claim. (*Id*. at 4.)

Petitioner's ineffective assistance of counsel claim based on counsel's handling of the

profile page issue likewise could have been raised in a timely manner. The limitations

period was not tolled for claims based on those facts, and they are untimely.

Conversely, even if this Court were to find that the statute of limitations had been

tolled for the *Brady* and ineffective assistance of counsel claims based on police officers'

alleged violation of Yahoo's terms of service, as the Idaho Court of Appeals assumed, it

would nonetheless conclude that those claims are subject to summary dismissal as plainly

lacking in merit. *See* Rule 4 of the Rules Governing Section 2254 Cases (authorizing

federal courts to dismiss a petition when it plainly appears that the petitioner is not

entitled to relief).

It is a violation of due process of law for the prosecution to withhold exculpatory

or impeachment evidence from the defense that is material to guilt or punishment. *Brady*

*v. Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 676 (1985).

Evidence is material to guilt or punishment when there is a reasonable probability that the

**MEMORANDUM DECISION AND ORDER - 8**

outcome would have been different had the evidence been disclosed. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *Bagley*, 473 U.S. at 676.

Similarly, to establish a violation of the right to the effective assistance of counsel under the Sixth Amendment, a petitioner must prove that counsel's performance was unreasonably deficient and the defense was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). The standard for attorney performance in a criminal case is that of reasonably effective assistance, measured under prevailing professional norms. *Strickland*, 668 U.S. at 687-88. To prove prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694.

In the case at hand, the Idaho Court of Appeals rejected Petitioner's "terms of service" claims under *Brady* and *Strickland*. With respect to the *Brady* allegations, the Idaho Court of Appeals determined that Petitioner had failed to establish that Yahoo's terms of service, which were readily available online, were actually suppressed by the State. (State's Lodging E-6, p. 5.) The Court of Appeals next concluded that, even if that information had been suppressed, "the chat room terms of service agreement is neither material nor exculpatory evidence," because "assuming that the police breached the terms of use agreement, that conduct might have violated a contractual right of the chat room provider, but it violated no right of [Petitioner] and was in no way exculpatory or mitigating." (*Id*.) Using that same reasoning, the Court of Appeals also found that

**MEMORANDUM DECISION AND ORDER - 9**

Petitioner had failed to make a prima facie case that his counsel was ineffective under *Strickland* for failing to investigate the supposed violation. (*Id*. at 6.)

This Court agrees with the Idaho Court of Appeals' reasoning and its conclusion. Assuming for the sake of argument that the police did not have a prior agreement with Yahoo to create a fictitious online account, Petitioner has failed to explain how a violation of Yahoo's terms and conditions would have had any bearing on evidence showing that he solicited "maggie14boise," whom he "believe[ed] to be a minor child under sixteen (16) years of age," to engage in a sexual act. *See* Idaho Code § 18-1509A. In other words, while the Court does not condone police shortcuts – if that is what occurred here – Petitioner has drawn no connection between the police acting inappropriately in creating an online account and the evidence that was developed to prove the elements of the particular crime for which Petitioner was convicted. The terms of service information was neither exculpatory evidence nor was material to Petitioner's guilt or punishment. Therefore, it plainly appears to the Court that the Idaho Court of Appeals' opinion was reasonable, and Petitioner would not be entitled to habeas relief. *See* 28 U.S.C. § 2254(d).

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court has on its own initiative evaluated this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 10**

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner has not complied with the statute of limitations and, alternatively, that his claims based on police officers' alleged violation of Yahoo's terms and conditions of service lack merit. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion to Amended: Re: Change Name of Respondent (Dkt. 16) is GRANTED. The Clerk of Court shall terminate Timothy Wengler as Respondent and replace him with Temera Carlin, Warden of Idaho Correctional Center at Orofino.

**MEMORANDUM DECISION AND ORDER - 11**

2.      Petitioner's Motion to File a Non-Conforming Brief (Dkt. 18) is

GRANTED. His brief has been reviewed and considered.

3.      Petitioner's 2nd Motion for Appointment of Assistance of Counsel (Dkt.

19) is DENIED.

4.      Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED.

5.      A certificate of appealabilty will not issue in this case. If Petitioner files a

timely notice of appeal, and not until such time, the Clerk of Court shall

forward a copy of the notice of appeal, together with this Order, to the

Ninth Circuit Court of Appeals. The district court's file in this case is

available for review online at www.id.uscourts.gov.

DATED:  **March 6, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 12**